Filed 9/11/20  P. v. Mitchell CA4/1
Received for posting on 9/15/20

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077293 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN397890) |
| LEHMAN FRANK MITCHELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lehman Frank Mitchell entered into a plea agreement with a stipulated sentence.  He pleaded guilty to one count of burglary (Pen. Code,[1] § 459) and agreed he intended to steal property valued in excess of $950.  The parties stipulated Mitchell would be sentenced to an eight-month term to be

---

1    All further statutory references are to the Penal Code.

served consecutively to a prison term already imposed in San Bernardino County. Mitchell waived his right to appeal.

Mitchell was sentenced in the San Diego case since he was already a sentenced prisoner when he was picked up on the San Diego case. The court imposed a $300 restitution fine and several fees and assessments in a total amount less than $1,000. The court ordered restitution to the victim in the amount of $17,406.54. The court found Mitchell had the ability to pay the fines, fees, and assessments.

Mitchell filed a timely notice of appeal but did not request a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel requests this court to review the record for error as mandated by *Wende*. We offered Mitchell the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

In his change of plea, Mitchell admitted he entered a business with the intention to steal property of another valued greater than $950.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a multitude of issues that counsel considered in evaluating the potential merits of this appeal:

1. Whether Mitchell's guilty plea was constitutionally valid;

2. Whether Mitchell's waiver of rights was valid;

3.  Did the court err in determining Mitchell had the ability to pay the fines, fees, and assessments;

4.  Whether the court abused its discretion in setting the amount of the restitution order;

5.  Was there a sufficient factual basis for the guilty plea;

6.  Were Mitchell's custody credits validly calculated; and

7.  Did Mitchell's counsel provide ineffective assistance.

We have reviewed the entire record as required by *Wende* and *Anders*. We have specifically considered the possible issues raised by counsel. We have not discovered any arguable issues for reversal on appeal. Regarding the possible issues raised by counsel, our evaluation of the record satisfies us none of the possible issues rises to the status of being an arguable issue for reversal on appeal. Competent counsel has represented Mitchell on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

GUERRERO, J.

3